STATE ex rel. DORSETT v. MORSE, Judge.

No. 2035.   Decided August 27, 1909 (103 Pac. 969).

1. ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING. An action at law to recover for materials sold is not a bar to a suit in equity to foreclose a mechanic's lien for the same claim. (Page 363.)

2. ELECTION OF REMEDIES—NECESSITY—WHO MAY ELECT. While a plaintiff suing both at law and in equity at the same time and for the same matter may be required to elect which suit he will proceed with, the court may not make the election for him, and stay the equity suit until the law action is determined. (Page 364.)

Petition by the state, on the relation of Marie M. Dorsett, administratrix, etc., for writ of mandamus against Hon. Charles W. Morse, one of the Judges of the Third District Court.

GRANTED.

*E. D. Hoge* for plaintiff.

*M. E. Wilson* for defendant.

STRAUP, C. J.

The petitioner commenced an action at law in the Third district court against Flora A. Phillips to recover the sum of five hundred dollars for lumber, cement, and stone sold and delivered to her. The defendant in that action answered and filed a counterclaim upon which she demanded judgment against the petitioner in the sum of $2500. Thereafter, and while the law action was pending, the petitioner commenced a suit in equity in the Third judicial district court against the said Phillips to foreclose a mechanic's lien against her property. She appeared in the equity suit, and, among other things, alleged the pending of the law action; that both actions arose out of the same contract and transaction; that the debt upon which a personal judgment was demanded in the law action was the same debt upon which the lien in the equity · suit was claimed; and that the petitioner waived all rights to a mechanic's lien by the commencement of the law action for a personal judgment. Upon proceedings had in the equity action the court held that the lien was not waived by the prior commencement of the law action. The court, however, adjudged and ordered that all proceedings in the equity action to foreclose the lien be stayed until the law action was finally determined. The petitioner moved the court to vacate the order and to proceed with the equity action. The court refused. Thereupon the petitioner applied to this court for a writ of mandamus to compel the court to so proceed.

We think the writ ought to be issued. The law action is not a bar to the equity suit. If the petitioner is suing the defendant both at law and in equity at the same time and for the same matter, the defendant can require the petitioner to elect whether she will proceed with the suit in equity or with the action at law.

The petitioner in effect made an election to proceed with the suit in equity. If no such election was made, the court ought to require her to make an election, and, if she elects to proceed with the equity suit, the court should proceed with it. The court had no authority to make the election for her and to make the order which was made.

Let the writ issue.

FRICK and McCARTY, JJ., concur.